UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-80828-Civ-Hurley/Hopkins

PETER C. CLINTON,

Plaintiff,

v.

DELRAY CREDIT COUNSELING, INC.,

Defendant.

_____/

## REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE

**THIS CAUSE** has come before this Court upon an Order referring all non-dispositive pretrial matters to the undersigned United States Magistrate Judge for final disposition, as well as referring any dispositive matters for a Report and Recommendation. (DE 4).

On September 10, 2008, after conducting an initial screening of *pro se* Plaintiff's Complaint, this Court issued an Order to Show Cause to Plaintiff directing him to provide proof within ten (10) days that his claims of age and disability discrimination were timely and that he had exhausted his administrative remedies by providing the Court with a copy of his complaint to the EEOC and their right-to-sue letter. (DE 5). The Court advised Plaintiff in the Order to Show Cause that failure to respond may result in the dismissal of his lawsuit. Nevertheless, Plaintiff has failed to provide the requested supplemental documentation to the Court or respond to the Court's Order in any manner.

Under 28 U.S.C. § 1915(e)(2), the Court "must dismiss a case at any time if the Court determines it is frivolous or fails to state a claim upon which relief can be granted." *Jackson v. Hamilton County Jail*, 2008 WL 2514073, *2 (E.D. Tenn. June 19, 2008). Even though courts are

to "interpret *pro se* complaints liberally," it is equally true that "early evaluation of the potential merits of a *pro se* litigant's claim is very important because initial screening by the court can eliminate patently frivolous actions." *Thomas v. Norris*, 2008 WL 859190, *2 (E.D. Tex. March 28, 2008).

It is well settled that a precondition of filing a lawsuit alleging employment discrimination is the exhaustion of administrative remedies. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). Thus, "[b]efore instituting suit, aggrieved employees must first make a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC), and secure from the EEOC a 'right-to-sue' letter." *Thomas*, 2008 WL 859190 at *4 (*citing Taylor*, 296 F.3d at 378-79). A claimant then has ninety days to file a civil action after receipt of a "right-to-sue" letter from the EEOC. *Id.* at 379.

Here, based on Plaintiff's failure to respond to the Court's Order to Show Cause and demonstrate exhaustion and timeliness, this Court **RECOMMENDS** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE TO RENEW.** *See West v. City of Fort Myers*, 2008 WL 360777 (M.D. Fla. Feb. 8, 2008)(court *sua sponte* dismissed complaint without prejudice to renew for failure to prosecute and respond to court's order to show cause); *Broten v. United States Marshals Service*, 2006 WL 1876921 (N.D. Fla. July 6, 2006)(court noted that it is plaintiff's burden to prove exhaustion, and where plaintiff declined his chance to do so, dismissal was appropriate); *Wilson v. Texas Higher Educ. Coordinating Bd.*, 2006 WL 505549, *3 (W.D. Tex. Jan. 30, 2006)(where plaintiff failed to produce a right-to-sue letter after being given an opportunity to do so, court found that plaintiff failed to exhaust his administrative remedies and dismissed lawsuit). *See also Davidson v. Correctional Medical Services*, 2008 WL 4004330, n.8 (D.N.J. Aug. 25,

2008)(finding it "appropriate" to dismiss *sua sponte* under 28 U.S.C. § 1915(e)(2) a *pro se* complaint that is obviously untimely)(*citing Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995)(*sua sponte* dismissal prior to service of an untimely claim is appropriate since such a claim "is based on an indisputably meritless legal theory").

<u>**NOTICE OF RIGHT TO OBJECT**</u>

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida, within ten (10) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982), *cert. denied*, 460 U.S. 1087 (1983). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** in Chambers this 14 day of October, 2008, at West Palm Beach in the Southern District of Florida.

*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

cc: The Hon. Daniel T. K. Hurley, District Court Judge
Peter C. Clinton, *pro se*